UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| GARY WILLIAMS, Individually and On behalf of Others Similarly Situated, Plaintiff, | ) ) ) ) | |
| vs. | ) ) | 4:04-CV-0078-SEB-WGH |
| ROHM AND HAAS PENSION PLAN, Defendant. | ) ) ) | |

**ENTRY GRANTING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND STAY OF DISTRICT COURT PROCEEDINGS**

This cause is before the Court on Defendant's Amended Motion for Certification of Interlocutory Appeal under 28 U.S.C. §1292(b) and For Stay of District Court Proceedings. Having considered the motion, the Court now GRANTS the motion and CERTIFIES the Court's December 22, 2005, Entry Denying Defendant's Motion for Summary Judgment and Granting Plaintiff's Motion for Summary Judgment (the "Order") for interlocutory appeal to the United States Court of Appeal for the Seventh Circuit.

The four statutory criteria for the grant of a section 1292(b) petition as laid out by the Seventh Circuit have been met in this case. "[T]here must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation. There is also a nonstatutory requirement: the petition must be filed in the district court within a reasonable time after the order sought to be appealed." Ahrenholz

v. Board of Trustees of University of Illinois, 219 F.3d 674, 675-676 (7th Cir. 2000); citing Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc., 202 F.3d 957, 958 (7th Cir.2000).

The controlling question of law is whether a COLA enhancement provided for in an ERISA[1] governed pension plan is always an "Accrued Benefit" under ERISA, for all participants in the Plan, regardless of the Plan's express terms that exclude a COLA enhancement for participants who voluntarily elect a lump sum distribution.[2] This abstract issue of law specifically requires review of the meaning of a statutory provision – specifically ERISA Section 2(23).[3]

This question of law is contestable as it is a matter of first impression in this Circuit, and the parties both have substantial case law (although not directly on point) to support their positions. Further, an interlocutory appeal would expedite the resolution of this case because, if the Plan is successful on appeal, the outstanding class composition and damage calculation issues will not need to be briefed by the parties or resolved by this Court. Finally, the Plan filed this motion within a reasonable time, within one week

---

[1] Employee Retirement Income Security Act of 1974, as amended.

[2] In its motion, Defendant's sought to have the following question certified, "Should the District Court have reviewed the Plan's interpretation of the Plan's Accrued Benefit and COLA provisions under an arbitrary and capricious standard of review rather than under a de novo standard?" While the circuit court will address this Court's December 22, 2005 Order in its entirety, we do not feel that this question of law is sufficiently contestable to warrant interlocutory appeal on its own merit.

[3] ERISA Section 2(23) defines the term "accrued benefit," in the case of a defined benefit plan, as "the individual's accrued benefit determined under the plan . . . expressed in the form of an annual benefit commencing at normal retirement age." 29 U.S.C. § 1002(23)(A).

after receiving notice that the initial judgment was rescinded.

  For all of these reasons, the Court GRANTS the Defendant's Amended Motion for Certification of Interlocutory Appeal. The Court also STAYS all proceedings in this Court pending resolution of the interlocutory appeal by the Court of Appeals. IT IS SO ORDERED.

Date: _____

Copies to:

William Kieffer Carr
firm@pension-law.com

Linda Marie Doyle
MCDERMOTT WILL & EMERY LLP
ldoyle@mwe.com

Michael T. Graham
MCDERMOTT WILL & EMERY LLP
mgraham@mwe.com

Steven A. Katz
KOREIN TILLERY
skatz@koreintillery.com

T. J. Smith
tjsmith@smithhelman.com

Douglas R. Sprong
KOREIN TILLERY LLC
dsprong@koreintillery.com