UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| GARY WILLIAMS, Individually and on behalf of all others similarly situated,<br>　　　　Plaintiffs,<br><br>　　vs.<br><br>ROHM AND HAAS PENSION PLAN,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)　　4:04-CV-0078-SEB-WGH<br>)<br>)<br>) |

**<u>ENTRY ON CROSS-MOTIONS FOR SUMMARY JUDGMENT</u>**

　　In March of 1997, Gary Williams left the employ of Rohm and Haas. As as a participant in the Rohm and Haas Pension Plan (the "Plan"), a defined benefit pension plan under § 3(35) of ERISA, he sought payment of his accrued benefits in a lump sum pay-out, and received a check in the amount of $47,850.71, representing the Plan's calculation of the present value of his accrued benefits. The amount did not include the present value of estimated COLA enhancements, which increments would have been added to Williams's payments each year if he had elected to receive his benefits in the form of an annual annuity.

　　More than five years after receiving his lump sum pay-out, Williams filed a class action lawsuit in this court against Rohm and Haas, claiming that he was denied benefits under the Plan because the pay-out he received did not

include the present value of the anticipated COLA enhancements. In ruling on the motion of Rohm and Haas, we dismissed the action because Williams had failed to exhaust his administrative remedies under the Plan, whereupon he promptly pursued his claim with the Plan, but, at the final appeal stage, it was again denied on the grounds that only those participants who took their accrued benefits in the form of an annuity were entitled to COLA enhancements. That final denial from the Plan occurred on April 1, 2004.

On April 2, 2004, Williams filed this class action lawsuit. The parties stipulated to certification of the class consisting of "all former participants in the Rohm & Haas Pension Plan who receive a lump sum distribution from the Plan which did not taken into account a cost of living adjustment in calculating the lump sum distribution." Cross motions for summary judgment were filed and we bifurcated the briefing to allow the issue of liability to be resolved first. The Court ruled in favor of the Plaintiff class, holding that the Plan was required to include the value of the anticipated COLA enhancements in its calculation of requested lump sum pay-outs. Defendant Plan filed an interlocutory appeal to the Seventh Circuit, which affirmed our ruling and sent the case back to us for further proceedings.

After the case was remanded to our docket, the Plan filed a second summary judgment motion, which, along with Williams's cross motion, are now before us on the Plan's request for judgment in its favor on its statute of

limitations defense. The Plan argues that this court is required to import the Pennsylvania four-year limitations period for breach of contract actions. It further contends that Williams's cause of action accrued, at the latest, at the time he received the lump sum pay-out which did not contain the value of the COLA enhancements. Williams's cross motion asserts that the statute of limitations defense fails because the provision of the Plan, as amended in 2001, controls, which allows a participant 90 days within which to file suit following a final denial of any claim for benefits. For the reasons discussed in this entry, we grant Williams's motion and deny the Plan's motion.

## *Summary Judgment Standard*

Both parties seek summary judgment. The standard for determining whether a summary judgment should issue when both sides assert entitlement to relief is unchanged from that which applies when only one party seeks relief. Summary judgment is available where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. We draw all reasonable inferences from undisputed facts in favor of the non-moving party and view the disputed evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). However, the non-moving party may not rest upon mere allegations in the pleadings or upon conclusory statements; rather, he must go beyond the

pleadings to support his contentions with properly admissible evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

## Analysis

We have previously ruled that Williams's claim for the added value of the COLA entitlements is a claim to recover benefits due, under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). Because ERISA contains no independent statute of limitations for claims of this sort, federal courts have imported and applied the most clearly analogous state statutes of limitations. *Daill v. Sheet Metal Workers' Local 73 Pension Fund,* 100F.3d 62, 65 (7th Cir. 1996). Before determining what state statute of limitations should be imported here, we must decide whether the Plan provision which provides a 90-day period within which to file litigation related to any claim denied by the Plan on appeal applies here.

A qualified plan is permitted to adopt its own limitations period, so long as it is reasonable. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 874-75 (7th Cir. 1997). The Rohm & Haas Plan added such a limitations provision in 2001, which was in effect at the time Williams's internal claim was filed and his appeal was denied. Section 15.7.6 of the Plan states as follows:

> **Litigation.** In order to operate and administer the claims procedure in a timely and efficient manner, any Claimant whose appeal with respect to a claim for benefits has been denied, and who desires to commence a legal action with respect to such claim,

>     must commence such action in a court of competent jurisdiction
>     within 90 days of receipt of notification of such denial. Failure to
>     file such action by the prescribed time will forever bar the
>     commencement of such actions.

The Plan's 2002 summary description, made available to all participants,[1] provides that:

>     If your appeal is denied, you will be notified in writing of (1) the
>     specific reasons for the denial, (2) the Plan provisions which
>     support the denial, (3) your right to receive, upon request and free
>     of charge, reasonable access to and copies of all documents,
>     records and other information relevant to your claim for benefits
>     and (4) your right to bring a civil action under ERISA 502(a)
>     following an adverse benefit determination on review. Under such
>     circumstance, you have the right to bring a legal action within 90
>     days to have a court review your claim denial. If you fail to bring a
>     timely court action your claim will be permanently denied.

Typically, the employer's qualified plan could be expected to seek to enforce a relatively short limitations period. *See Northlake Regional Medical Center v. Waffle House System Employee Benefit Plan*, 160 F. 1301 (11th Cir. 1998)(summary judgment in favor of plan was upheld on the basis of plan's 90-day limitations period for § 502(a)(1)(B) type claims). However, here the Plan seeks to be relieved of its own written limitations period, arguing that the court is required to import a state statute of limitations instead.

In its motion for summary judgment the Plan did not address its own 90-

---

[1] Though Williams was no longer employed by Rohm & Haas at the time he filed his claim for the COLA enhancements, the Plan provides: "An individual who qualifies as a Participant shall continue to be a Participant until all benefits due such an individual under the Plan have been paid." *See* Plan Section 1.49.

day limitations period, but, in response to Williams's cross motion, the Plan made two somewhat related arguments against the use of the 90-day limitation period. First, it maintained that Williams's claim accrued when he received his lump sum check which did not include the COLA enhancements. Williams's receipt of the check and his prior receipt of the 1994 summary plan description which described the COLA enhancement that only annuitants received, constituted sufficient notice that the Plan would not be paying him the value of any COLA enhancements and any cause of action based thereon had expired. According to the Plan, at the point Williams received his check, there was a "clear repudiation" by the Plan which started the clock running on a participant's right to litigate the denial of benefits. Citing *Berger v. AXA Network LLC*, 459 F.3d 804 (7th Cir. 2006), the Plan asserts that the Pennsylvania four-year limitations period for contract actions is the appropriate statute of limitations for importation here and that the four years began running in 1997 and expired prior to Williams filing his lawsuit.

     The problem with the Plan's argument is that it puts the cart before the horse by asking the Court to decide the point at which a claim accrues before resolving the issue of which statute of limitations applies. Before deciding when a claim accrues, the applicable statute of limitations must be determined. Even the opinion in *Berger*, substantially relied upon by the Plan, sets forth a detailed process for a court to follow which requires the

determination of the applicable statute of limitations before addressing the question of when the claim accrued. *Id.* at 814-15. Here, when we analyze the question of which statute of limitations applies, we find that precedent supports the application of the limitations period set forth in the Plan. If a plan has adopted its own reasonable statute of limitations, the issue of importation of a statute of limitations "falls out of the case," and that is the situation here. *Doe*, 112 F.3d at 873. The Plan had its own 90-day limitations period for filing suit after the denial of an appeal and that limitations period was in place when Williams filed his internal claim. Consequently, Williams's claim accrued at the moment his appeal was denied and his filing of this lawsuit the day following that denial was well within the established 90-day time period.

The Plan's further argument, advanced somewhat half-heartedly, maintains that, because Section 15.7.6 of the Plan imposing the 90-day limitations period was added after Williams received his lump sum pay-out, it should not apply here. No authority is cited as support for this argument. Moreover, in our view, the Plan is equitably estopped from making such a claim, since it contradicts the Plan's previous position advanced in its briefing of the COLA liability issue that the administrative procedures for Williams's internal claim were set out in the Plan as amended in 2001. Even before that, the Plan successfully moved the Court to dismiss Williams's first complaint and

to require him to exhaust his internal remedies, contending that it had not yet fully considered his claim and made a final determination.  The Plan has never before raised a timeliness argument in connection with the first complaint, the internal claims process or the appeal, yet now it contends that a "clear repudiation" had occurred in 1997.  We will not permit the Plan to pick and choose its facts as well as its theories, particularly when they are inconsistent theories, based on the shifting strategy preferences.  *See New Hampshire v. Maine*, 532 U.S. 742 (2001)(discussion of appropriate application of judicial estoppel); *General Auto Service Station LLC v. City of Chicago, Illinois*, 319 F.3d 902, 906 (7th Cir. 2003)(applying claim preclusion to bar adoption of a position by a party which previously prevailed asserting a contradictory position).

In the end, we hold that Williams's lawsuit was timely filed, occurring as it did on the day following the Plan's denial of his appeal, and this falling clearly within the 90-day period dictated by the Plan.  Accordingly, Defendant's Motion for Summary Judgment (Doc.#105) is DENIED.  Plaintiff's Motion for Summary Judgment on Defendant's Statute of Limitations Affirmative Defense (Doc. #117) is GRANTED.

IT IS SO ORDERED   10/17/2008

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

William K. Carr
LAW OFFICE OF WILLIAM K. CARR
bill@pension-law.com

Lee A. Freeman Jr.
JENNER & BLOCK
lfreeman@jenner.com

Steven A. Katz
KOREIN TILLERY LLC
skatz@koreintillery.com

Raymond A. Kresge
COZEN O'CONNOR
rkresge@cozen.com

James T. Malysiak
JENNER & BLOCK LLP
jmalysiak@jenner.com

Anthony J. Morrone
COZEN O'CONNOR
amorrone@cozen.com

Andrew J. Rolfes
COZEN O'CONNOR
arolfes@cozen.com

T. J. Smith
tjsmith@600westmain.com

Douglas R. Sprong
KOREIN TILLERY LLC
dsprong@koreintillery.com