UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

GARY WILLIAMS, Individually and on )
behalf of all others similarly situated, )
      Plaintiffs, )
       )
  vs. )     4:04-CV-0078-SEB-WGH
       )
ROHM AND HAAS PENSION PLAN, )
      Defendant. )

**ENTRY ON DEFENDANT'S MOTION FOR RECONSIDERATION, MOTION FOR CLARIFICATION AND RELATED MOTIONS FOR ORAL ARGUMENT**

      This is a class action lawsuit brought on behalf of those participants in the Rohm and Haas pension plan who received a lump sum retirement benefit which did not include the present value of annual cost of living adjustments ("COLA"), which benefit the plan allowed those participants who opted to receive their retirement benefits in the form of an annual annuity. In their submissions to the Court, the parties anticipated that, because there would be no material factual disputes, the issues could be resolved as a matter of law through cross-motions for summary judgment. Early on, they stipulated to certification of a class defined as:

> All former participants in the Rohm & Haas Pension Plan (the "Plan") who received a lump sum distribution from the Plan which did not take into account a cost of living adjustment in calculation the lump sum distribution.

On October 17, 2008, we entered an order addressing the cross-motions for summary judgment filed by the parties to this lawsuit. We denied Defendant's motion and granted Plaintiffs' motion, entering summary judgment in favor of Plaintiffs on Defendant's statute of limitations defense. Thereafter, Defendant filed its Motion for Reconsideration (Doc. #155), seeking a reversal of our decision in which we declined to import and apply the Pennsylvania four-year statute of limitations. Defendant also filed a Motion for Clarification (Doc. # 158), challenging our ruling with regard to the applicable limitations period and seeking clarification that it applies only to the named Plaintiff and not to each of the members of the stipulated class. Seeking to buttress the arguments laid out in its supporting briefs, Defendant filed Motions for Oral Argument with respect to both its Motion to Reconsider and Motion to Clarify (Doc. #157 & Doc. #160). Defendant's requests for oral argument are hereby denied, because the Court finds that nothing more is needed beyond what is already contained in the parties' written briefs in order to resolve Defendants' substantive motions.

The factual and procedural history of this dispute, including a prior lawsuit filed by Plaintiffs which was dismissed on the motion of Defendant, is detailed in our entry of October 17, 2008, and need not be repeated here.

***Defendant's Motion to Reconsider***

In our October 17, 2008, entry, we determined that the limitations period applicable to the claim raised in this lawsuit was the 90-day period set forth in the Plan. That provision became a part of the Plan in the 2001 amendments, imposing limitations for the filing of lawsuits to challenge final internal decisions made with respect to claims for benefits. The primary basis for our determination to apply this 90-day limitation period was the Plan's insistence, asserted in the predecessor lawsuit, that the named Plaintiff, Gary Williams, along with the other putative class members, was required to exhaust internal remedies prior to the bringing of any lawsuit. Deciding that the intent behind the Employee Retirement Income Act (ERISA) was best served by requiring exhaustion, we dismissed Plaintiffs' earlier lawsuit and required Williams to pursue his claim through the internal Plan procedures to completion. After that process was exhausted, Defendant denied Williams's claim. The current lawsuit followed that denial and was timely filed.

In its supporting brief,[1] Defendant maintains that our October 17, 2008

---

[1] We were surprised and disappointed by the uncivil tone adopted by Defendant in its briefing. Perhaps that approach is deemed acceptable practice in defense counsel's home jurisdiction (though we doubt it), but it stands in stark contrast to the demeanor expected and generally exhibited by those who practice regularly before this Court. We suggest that defense counsel take his cue from the behavior of local counsel in any future advocacy he undertakes in this forum and follow that example. Counsel's attention is directed as well to the "Standards for Professional Conduct Within the Seventh Federal Judicial Circuit," which can be accessed on the Court's website.

ruling was flawed in four ways. First, we allegedly misapplied the principle of judicial estoppel because, in truth and fact, according to Defendant, the Plan has not taken a position in the instant lawsuit which is inconsistent with any other litigation position upon which it previously prevailed. To make this argument, however, Defendant had to distort both the operative facts and legal basis for our rulings, in which we held that the Plan is estopped not only from adopting a legal position which is inconsistent with its previous litigation position (indeed, its <u>successful</u> previous position), but is also barred from altering the undisputed material factual assertions it set forth in its brief.

Defendant concedes that, in its initial briefing on the issue of liability, it maintained that the procedures set forth in the 2001 amended version of the Plan, as opposed to the 1994 version of the Plan (which did not contain a 90-day limitations period for litigating following the final internal Plan determination) applied to the named Plaintiff's internal administrative claim. Defendant now maintains, in what we view as a transparent attempt to minimize the significance of its own prior contentions, that it made that admission in a "footnote statement," which it characterizes as an inadvertent reference. To begin with, this argument is frivolous on its face; there is no "footnote = inadvertence = nevermind" rule of briefing advocacy. In addition, Defendant's description is at best disingenuous; the Plan's so-called "footnote statement" was actually the premise for a fully developed section of its brief.

At the start of the "Statement of Material Facts Not in Dispute" section of Defendant's summary judgment brief addressing the bifurcated issue of liability, Defendant appended a footnote which told us that in this particular section of the brief there will be references to the "Administrative Record" from Williams's internal appeal for benefits. (*See* Doc.# 44, p.4, n. 3). One of the early references to that administrative record came within the very next footnote with a citation to the 2001 version of the Plan, which was made a part of the administrative record because it was said to contain the procedures which were in effect and followed throughout the course of Williams's internal claims appeal. (*See* Doc. #44 p.5, n. 4). The "Statement of Material Facts Not in Dispute" is an important section of any movant's summary judgment brief, is expressly required by our Local Rule 56.1(a) and, if not disputed by the opposing party, is relied upon to establish the facts of the case. Whether deemed a judicial admission or law of the case, the Defendant's assertion that the 2001 version of the Plan governed Williams's internal administrative claim was crucial to our subsequent determination that, as a matter of equity, Defendant is and should be estopped from now contending that the 1994 plan provisions, rather than the 2001 provisions, apply.[2]

---

[2] We are offended by Defendant's disingenuous assertion that, in referencing the 1994 Plan, the Court as well as Plaintiffs have adopted inconsistent positions. Because Defendant did not make known the existence of the 2001 amended plan to either the Court or Plaintiffs until well after the prior references by us to the 1994 Plan, we were left with no alternative point of reference.

Having employed equitable principles to bar Defendant from changing the facts depending on its current argument to the Court with regard to the Plan's provisions relating to Williams's internal appeal, we also invoked principles of judicial estoppel to prevent Defendant from asserting that it had unequivocally repudiated all the other Plaintiffs' claims when it issued them checks which did not contain the present value of the COLA enhancements. The Seventh Circuit quite explicitly stated with regard to the elements of judicial estoppel, that:

> To invoke judicial estoppel, a court must identify three elements: (1) the later position must be clearly inconsistent with the earlier position; (2) the facts at issue should be the same in both cases; and (3) the party to be estopped must have convinced the first court to adopt its position.

*Cooper v. Eagle River Memorial Hosp., Inc.*, 270 F.3d 456, 462-63 (7th Cir. 2001).

In our October 17, 2008, entry, we noted the Plan's earlier success in convincing us that it had not yet made a final determination with regard to Williams's claim of entitlement to the present value of the COLA enhancements; that finding satisfies the third element in *Cooper*. Element one in *Cooper* is satisfied by the Plan's inconsistent legal positions, having asserted in the first Williams lawsuit that it had not yet made a final decision on his claim for additional benefits and, in this subsequent lawsuit, by contending that Williams should have known when he first received a copy of the Plan (or at the latest when he received his disbursement check) that Defendant had repudiated any entitlement he might have had to the COLA benefit. The second element

required in *Cooper* is easily satisfied, given that the facts at issue in this case are identical to the facts in the first Williams case, in which the Plan prevailed on its previous assertion that Williams was required to pursue internal remedies and the case should therefore be dismissed.  The Court's application of estoppel principles thus was fully in accord with the facts and law of this case and both justified and correct.

The Plan also contends that the Court erred in light of the Seventh Circuit requirement in *Berger v. AXA Network LLC,* 459 F.3d 804 (7th Cir. 2006) requiring the Court to borrow and apply the statute of limitations from the state having the most significant contacts with the dispute, which, according to the Plan, is Pennsylvania.  In an argument we find difficult to understand, the Plan apparently believes that we inappropriately referenced the *Berger* decision in support of our analytical assertion that the applicable limitations period must be determined prior to establishing when a particular claim has accrued.

Were it not for the Plan's inclusion of its own express limitations period for filing suit following a final internal denial of a claim, we agree that it would be appropriate to import a statute of limitations from the state with the most significant contacts, as required in *Berger*.  However, in *Doe v. Blue Cross & Blue Shield United of Wisconsin,* 112 F.3d 869, 873-74 (7th Cir. 1997), Judge Posner, in writing for the Seventh Circuit, made clear that a reasonable limitations period established within the plan supplants any imported statutory

limitations period.³ Further, while *Berger* may not expressly require that a limitations period be decided prior to determining the point at which a claim accrues, the order of analysis applied in that case, and applied in other cases involving similar issues, reflects that premise. The circumstances giving rise to the claim before us also support this approach.

In *Laurenzano v. Blue Cross and Blue Shield of Massachusetts, Inc.*, 134 F. Supp.2d 189, 207 (D. Mass. 2001), the Court noted that the distinction between the terms "arose" and "accrue" is significant. In that case, the court stated that, "putting aside the question of plan exhaustion," a claim would typically accrue within a range of time starting when a participant joined the plan, and running to that point in time when he or she received the lump sum distribution. *Id.* at 208. That the circumstances of that case allowed the court to put aside the exhaustion issue was a key to its accrual determination.

In the case at bar, the injury giving rise to this claim arguably might have occurred when the lump sum benefit check was issued without including the value of the COLA enhancements so that the claim "arose" when the check was received by a participant. However, in light of the 90-day limitations provision included in the 2001 version of the Plan, which Defendant has admitted applied

---

³The determination by the Court of Appeals in *Doe*, that estoppel principles applied to toll the contractual limitations period in that instance, also provides us with further assurance that our application of the equitable doctrine in this case is consistent with the manner in which the Seventh Circuit would view these circumstances.

to Williams's internal claim and appeal processes, the "accrual" of a cause of action could not have occurred and the limitations period could not have begun to run until the final internal appeal under the Plan was resolved.  If we accept the proposition, confirmed in *Doe,* that a reasonable internal limitations period supplants the application of any imported statutory limitations period, and if we also accept that an internal limitations period, like the one in effect here, can control at what point a claim accrues for purposes of filing a lawsuit, then such an accrual point is necessarily dependent on the applicable limitations period.

Even if we were to ignore the 90-day limitations period contained in the 2001 amendments to the Plan, adopting instead a state's statutory limitations period, clearly the exhaustion of remedies requirement, previously insisted upon by Defendant, would either "toll" the running of the applicable limitations period or suspend it entirely until the final appeal has been resolved.  Recall that, in this case, Williams's final internal appeal was denied on April 1, 2004, and he timely filed this lawsuit the following day.

The Plan next seeks reconsideration based on issues closely related to those already discussed herein; the Plan contends that Williams's  claim vested under the 1994 version of the Plan, when he received his check, and therefore the procedures in that version of the Plan, which did not contain the 90 day limitations period, applied.  As previously indicated, the injury suffered by Williams arguably occurred when the distribution check was issued to him by

the Plan. However, internal exhaustion requirements delayed the accrual point for a cause of action based on this entitlement.

Finally, the Plan argues that the 90-day limitations period was added for the purpose of shortening the limitations period for filing a lawsuit following the denial of a benefits claim. Indeed, Defendant asserts, our finding that *Doe* supports the application of a limitations period set forth within the Plan, even where a statutory violation is being alleged, essentially leaves the time period open-ended within which a plan participant is to file a claim.

Again, we remind Defendant that it was the Plan itself which chose to pursue the line of argument that the Plan now objects to, to wit, that exhaustion was required, despite the fact that Williams's claim was based upon a statutory violation. In any event, a discussion of the intent underlying this provision of the Plan is unwarranted because we find that provision to be unambiguous. *Grun v. Pneumo Abex Corp.,* 163 F.3d 411, 420 (7th Cir. 1998). The Plan clearly extends a 90-day limitation period for challenging a final decision regarding benefits entitlement after completion of the Plan's internal review process. Defendant can not prevail here by asserting that its own words in the Plan were not intended to mean what they say. *Id.* at 421. In addition, Defendant's belated concern that, as a consequence of its prior position in this litigation, exhaustion of a statutory violation claim (which it previously characterized as no different from the "garden variety" benefits claim), without

internal time limitations, might result in an open-ended limitations period for filing a lawsuit to enforce the statutory requirements, is not a problem of the Court's creation.

### *Motion to Clarify*

As an alternative to its request for reconsideration of our previous decision with regard to the application of the Plan's 90-day limitations period, Defendant requests that we clarify our ruling by explicitly stating that it applied only to the named Plaintiff, Gary Williams, as opposed to the entire class. In support of this request, the Plan maintains that, because Williams was the only participant to receive a lump sum distribution who also pursued an internal claim under the Plan, he should be the only participant to gain the benefit of the limitations period provided by the 2001 version of the Plan. The Plan also contends that we should import the four-year Pennsylvania statute of limitations for purposes of determining the timeliness of the claims of all the other class members.

We did not, and do not now, intend to limit our earlier ruling to the named Plaintiff. At the time Defendant sought dismissal of Williams's initial class action complaint for failure to exhaust, the Plan devoted considerable space in its reply brief to assuring the Court that the Plan was acting in the interests of all participants in reviewing the internal claim and would not single

out Williams for special treatment such as a settlement. Thus, as noted in our order of dismissal:

> The prospect of there being potentially many plaintiffs underscores the benefit of there being a full administrative examination of these issues. The defendant, in having a more thorough understanding of the claims of the class, may determine whether broad based relief is appropriate, and the plaintiffs, if unsatisfied with the outcome of the administrative process, could still proceed in court in pursuit of an adequate remedy.

*Williams v. Rohm & Haas Pension Plan*, 2003 WL 22271111, at *4 (S.D. Ind. Sept. 26, 2003). When Williams's attorney filed his internal claim with the Plan, it included a request that the Plan recalculate the lump sum payment made to Williams and to all others similarly situated. For us, at this belated point in the litigation, to hold that the internal claims process had no impact on the other putative plaintiffs would be patently unfair to them and in clear contradiction of the circumstances before the Court when the decision was made requiring internal exhaustion of Williams's claim.

Additionally, the Seventh Circuit has determined that unnamed class members are not necessarily required to exhaust their remedies. *In re: Household International Tax Reduction Plan*, 441 F.3d 500 (7th Cir. 2006). It would obviously be fruitless to require internal claim exhaustion by each person who received a lump sum distribution from the Plan that did not include the present value of the COLA. Despite Plaintiffs' initial lack of success in convincing us of that fact, due in part to there having not yet been an internal

-12-

claim filed, now that Williams's claim has been summarily rejected by the Plan and the Plan has stipulated to the similarity of the putative class members, the purposes of exhaustion have been fulfilled; thus, there is no reason to require individual exhaustion by each class member. *Id.* at 501.

Defendant's distress regarding the absence of any time bar, the effect of which would be to eliminate at least some of the claims of some of the class members, is once again, a circumstance of its own making. Having chosen its theory of defense in the initial lawsuit and having prevailed on that argument, it must now live with the consequences of that choice. Moreover, we cite the fact that ERISA is infused with a strong policy against forfeiture of benefits to buttress the rulings made here. *See Central Laborers' Pension Fund v. Heinz,* 541 U.S. 739, 749-50 (2004). Our decision not to require exhaustion by all class members in this case is consistent with both that strong federal policy and the history of this specific dispute. The Plan can not credibly claim surprise concerning the fact that its determination with respect to Williams's internal claim is being extended to the claims of the other similarly situated Plaintiffs.

### *Conclusion*

For the reasons detailed above, Defendants two Motions For Oral Argument (Doc. #157 & Doc. #160) are DENIED. Defendant's Motion For

Reconsideration (Doc. #155) and Defendant's Motion for Clarification (Doc. #158) are also both DENIED.

IT IS SO ORDERED.

Date: 02/11/2009

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

William K. Carr
LAW OFFICE OF WILLIAM K. CARR
bill@pension-law.com

Lee A. Freeman Jr.
JENNER & BLOCK
lfreeman@jenner.com

Steven A. Katz
KOREIN TILLERY LLC
skatz@koreintillery.com

Raymond A. Kresge
COZEN O'CONNOR
rkresge@cozen.com

James T. Malysiak
JENNER & BLOCK LLP
jmalysiak@jenner.com

Anthony J. Morrone
COZEN O'CONNOR
amorrone@cozen.com

Andrew J. Rolfes
COZEN O'CONNOR
arolfes@cozen.com

T. J. Smith
tjsmith@600westmain.com

Douglas R. Sprong
KOREIN TILLERY LLC
dsprong@koreintillery.com