UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| GARY WILLIAMS and NANCY MEEHAN,  Individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) | 4:04-CV-0078-SEB-WGH |
| | ) | |
| vs. | ) | |
| | ) | |
| ROHM AND HAAS PENSION PLAN, | ) | |
| Defendant. | ) | |

## ORDER REQUIRING CLASS COUNSEL TO SUBMIT SUMMARY OF LODESTAR FACTORS

This matter is before the Court on the Petition for Attorneys Fees, Costs and Incentive Award filed by Class Counsel.  In a separate order entered on April 12, 2010, we approved a "common fund" class action settlement in which a fund of approximately $180 million was created for purposes of compensating class members who had not received the present value of COLA entitlements as part of a lump sum pension payment made at the time their employment ended with Rohm & Haas.  ERISA class actions are appropriate for a common fund approach, where class counsel's fees are drawn from the pool of money which will also compensate the class members.  *Florin v. Nationsbank of Georgia, N.A.*, 34 f.3d 560, 563 (7th Cir. 1994).

The attorney fees petition constitutes the only remaining issue before the court in this protracted litigation.  However, it is an issue which requires our closest scrutiny because, once the total amount of a common fund is resolved, with the only remaining issue being the division of those funds between class members and their lawyers, the class lawyers' interests have become adversarial to their clients.  This change of perspective imposes on the Court fiduciary duties with respect to the class members who are the beneficiaries of the common fund.  *Cook v. Niedert,* 142 F.3d 1004, 1011-12 (7th Cir. 1998).

In determining fair and appropriate compensation levels for class counsel, the Court may consider the "loadstar" analysis as well as a set percentage of the common fund.  *Id.* at 1010.  Here, class counsel has requested a fee of $43.5 million, representing slightly more than 24% of the common fund.  An alternative lodestar calculation utilizing an appropriate multiplier has not been proffered.  Neither has class counsel provided a summary of their billable hourly rates or an itemization of the hours expended.

We have noted previously the Seventh Circuit's preference for percentage-based fees awards.  *See Florin,* 34 F.3d at 565-66.  However, the Seventh Circuit has not foreclosed other reliable methodologies:

> It bears reiterating here that we do not believe that the lodestar approach is so flawed that it should be abandoned. Instead, we are of the opinion that both the lodestar approach and the percentage approach may be appropriate in determining attorney's fee awards, depending on the circumstances. We therefore restate the law of this circuit that, in common fund cases, the

> decision whether to use a percentage method or a lodestar method remains
> in the discretion of the district court.

*Id*. at 566.

In circuits where percentage-based awards are preferred or mandated, district courts are encouraged to use the lodestar method as a cross-check in order to ensure that a percentage-based amount falls within reasonable bounds.  *In re Rite Aid Corporation Securities Litigation,* 396 F.3d 294, 300 (3rd Cir. 2005); *Staton v. Boeing Co.,* 327 F.3d 938, 965-71 (9th Cir. 2003); *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2nd Cir. 2000).  Here, in the Seventh Circuit, the District Court's task is made more complex by the appellate expectation that an award of attorneys fees be computed based on the prevailing market rate of remuneration for class counsel, as if hypothetical private plaintiffs had contracted with the attorneys for their services.  *In re Synthroid Marketing Litigation*, 264 F.3d 712, 718-19 (7th Cir. 2001)(*"Synthroid I"*).  In deciding whether to award fees in the amount of the requested percentage of the common fund (or some other amount), the Court's analysis would benefit from knowing the hourly rates and hours expended by class counsel.  Without this information, we lack an informative measure of what constitutes a reasonable prevailing market price for class counsel's admittedly impressive efforts in managing this litigation.  In requesting this supplemental information, we are guided by precedent from two significant decisions in this circuit, both involving "common funds" as well as a compilation of attorney hours expended and hourly rates charged which informed the Court's decision as to an appropriate attorney

fees award.  *Cook v. Niedert*, 142 F.3d 1004 (7th Cir. 1998); *Florin v. Nationsbank of Georgia*, 34 F.3d 560, 562 n.3 (7th Cir. 1994).

Accordingly, class counsel is hereby directed to submit to the Court a breakout by name of each attorney and other legal professionals who assisted in the prosecution of this litigation over the course of the eight years it has been pending, along with a tally of the hours expended by each and their respective billing rates for each year.  If additional counsel were retained or consulted for specific purposes by Plaintiffs, such as in litigating the appeal, the costs incurred for those services should be included as well.  Counsel may supplement with any other cost-related information relevant to a lodestar calculation or comparison.  Because time is of the essence, the Court requests that the specified information be submitted within <u>fourteen (14) days</u> of the date of this order.  If good cause considerations prevent compliance with that deadline, counsel may seek leave from the Court for an appropriate extension.

IT IS SO ORDERED.

Date:   04/21/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Alice W. Ballard

LAW OFFICE OF ALICE W.
BALLARD, PC

-4-

awballard@awballard.com

William K. Carr
LAW OFFICE OF WILLIAM K. CARR
bill@pension-law.com

James R. Fisher
MILLER & FISHER LLC
fisher@millerfisher.com

Lee A. Freeman Jr.
JENNER & BLOCK
lfreeman@jenner.com

Michael D. Grabhorn
GRABHORN LAW OFFICE
mdg@grabhornlaw.com

Bart A. Karwath
BARNES & THORNBURG LLP
bart.karwath@btlaw.com

Steven A. Katz
KOREIN TILLERY LLC
skatz@koreintillery.com

Raymond A. Kresge
COZEN O'CONNOR
rkresge@cozen.com

Robert J. LaRocca
KOHN, SWIFT & GRAF, P.C.
rlarocca@kohnswift.com

Robert D. MacGill
BARNES & THORNBURG LLP
rmacgill@btlaw.com

James T. Malysiak
JENNER & BLOCK LLP

jmalysiak@jenner.com

Mark J. R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com

Debra H. Miller
MILLER & FISHER LLC
miller@millerfisher.com

Anthony J. Morrone
COZEN O'CONNOR
amorrone@cozen.com

Andrew J. Rolfes
COZEN O'CONNOR
arolfes@cozen.com

T. J. Smith
tjsmith@600westmain.com

Douglas R. Sprong
KOREIN TILLERY LLC
dsprong@koreintillery.com

JERRY L. OLLIFF
3800 McPhillips Road SE
Elizabeth, IN 47117