# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### NEW ALBANY DIVISION

| | | |
|---|---|---|
| GARY WILLIAMS and NANCY MEEHAN,  Individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) | 4:04-CV-0078-SEB-WGH |
| | ) | |
| vs. | ) | |
| | ) | |
| ROHM AND HAAS PENSION PLAN, | ) | |
| Defendant. | ) | |

## ORDER ON MOTION TO RECONSIDER

Class counsel await our decision on their Motion for Attorney Fees and Incentive Award.  On April 21, 2010, we entered an order requiring class counsel to provide the court with summaries of hours worked for each legal professional and their hourly rates so that we might use this less detailed lodestar information as a cross-check against counsels' percentage-based fee request from the common fund settlement.  On April 30, 2010, class counsel filed a motion asking us to reconsider our order requiring  the hours and rates summaries.  They insist that it would have no relevance to the Seventh Circuit's prescribed "*ex ante*"[1] determination of a market-based fee award and that it would require a needless recreation of hours worked by attorneys, many of whom do not keep detailed

---

[1] Of Latin derivation, "ex ante" is defined in *Blacks law Dictionary* (9th ed. 2009) as follows: "Based on assumption and prediction, on how things appeared beforehand, rather than in hindsight."

time records in contingent fee cases.  While we do not expect class counsel to provide us with the same level of detail that typically accompanies a fee petition based on lodestar principles, there is still a clear benefit to be gained in having the requested information in summary form.

It is very clear, as class counsel have repeatedly noted in their briefing, that the Court of Appeals for this circuit has adopted the unique approach for attorney fees awards determined *ex post facto* of requiring a district court to calculate "the outcome of a hypothetical bargain *ex ante*."  *In re Synthroid Marketing Litigation,* 264 F.3d 712, 719 (7th Cir. 2001)("*Synthroid I*").  Equally clear is the preference of legal professionals as well as the Seventh Circuit in other cases for calculating awards in common fund cases based on a percentage of the common fund.  *See Florin v. Nationsbank of Georgia, N.A.,* 34 F.3d 560, 565 (7th Cir. 1994).  Class counsel argue that its time records here are irrelevant because they do not accept employment in ERISA cases of this nature on any basis other than by contingent fee arrangements which is the same approach taken by virtually all the limited number of attorneys who routinely prosecute this type of case. Even so, a review by the court of hourly rates and time expended is far from irrelevant.

The Seventh Circuit's decisions in the *Synthroid Marketing* cases suggest that, in making an *ex ante* assessment of a negotiated attorneys' fee, it is proper to assume that the negotiation occurred between lawyers and a sophisticated legal consumer.

As we remarked the last time around, the outcome of this competitive

-2-

process among informed buyers and sellers *defines* the market rate for legal
services, given the risks and investments of time that the lawyers expected
to encounter in this case.

*See In re Synthroid Marketing Litigation,* 325 F.3d 974, 976 (7th Cir. 2003) ("*Synthroid*

*II*").  This approach makes sense given that class counsel seeks compensation for their

representation of the entire class, not simply for the class representatives with whom they

had the more typical one-third contingent fee agreement.

One of our sister district courts in this circuit, when required to engage in a similar

*ex ante* determination, followed the same process we have requested here, including using

lodestar data supplied by class counsel for purposes of performing a cross-check.  *In re*

*Trans Union Corp. Privacy Litigation*, 2009 WL 4799954, *10, *17 (N.D.Ill. Dec. 9,

2009).  We share the view expressed there that any law firm engaged in such *ex ante*

negotiations would attempt to estimate the opportunity costs of the engagement by

calculating the number of hours likely required for a particular litigation compared to

some other investment of their time and efforts.  *Id*. at *17.  While this obviously is an

imprecise process, we assume that able and successful attorneys, such as those who

prosecuted this case, are fully competent in making estimates of the required expenditures

of attorney time and effort to bring them at least into the same "ballpark" as their

contingency fee arrangement.  The Court cannot approve a windfall in terms of attorneys

fees, and presumes that negotiation between competent counsel and a knowledgeable

consumer of legal services would not result in one.  Similarly, the Court will not unfairly

compensate attorneys for the full extent of their success and the full range of their investments.  Knowing the time actually spent in  prosecuting and negotiating a resolution to the case (recognizing that the battle is far from over at the appellate level) will inform our judgment as to these matters.

We remain sympathetic to the fact that lawyers who work on contingency fee matters ordinarily do not maintain the kind of detailed records of time as do those attorneys who are paid an hourly rate.  However, despite counsels' contingency fee agreement and because of the fee-shifting provisions of ERISA, had plaintiffs prevailed but without any class being certified and no common fund established according to which a percentage based fee could be calculated and collected, plaintiffs' counsel would necessarily have been required to determine the lodestar elements in seeking to recover their fees.  Regarding awards of reasonable fees, we are well advised to take due note of the Supreme Court's recent reaffirmation of the lodestar as "the guiding light of our fee-shifting jurisprudence." *Perdue v. Kenny A. Ex rel Winn*, __ U.S. __; 130 S.Ct. 1662, 1672 (2010).  The settlement reached in the case at bar which provides for creation of a common fund admittedly renders the lodestar analysis a secondary method for determining a reasonable fee award, but the settlement nonetheless does not render that analysis useless or irrelevant.  The kind of summary information we have requested that class counsel submit to the Court is reasonable both in its scope and purpose. Accordingly, class counsel is therefore again directed to submit it for the Court's review.

-4-

## CONCLUSION

Class Counsels' Motion For Reconsideration of the Court's April 21, 2010, Order (Doc. #301) is DENIED.  The Court's order requesting a summary of hours worked and billable rates from the legal professionals who worked on this matter on behalf of the class remains in effect.  Acknowledging class counsels' need for additional time within which to gather the relevant information, they are hereby granted an additional fourteen days from the date of this order to submit the requested information.

IT IS SO ORDERED.

Date:  06/01/2010

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Alice W. Ballard
LAW OFFICE OF ALICE W.
BALLARD, PC
awballard@awballard.com

William K. Carr
LAW OFFICE OF WILLIAM K. CARR
bill@pension-law.com

James R. Fisher
MILLER & FISHER LLC
fisher@millerfisher.com

Lee A. Freeman Jr.
JENNER & BLOCK
lfreeman@jenner.com

Michael D. Grabhorn
GRABHORN LAW OFFICE
mdg@grabhornlaw.com

Bart A. Karwath
BARNES & THORNBURG LLP

bart.karwath@btlaw.com

Steven A. Katz
KOREIN TILLERY LLC
skatz@koreintillery.com

Raymond A. Kresge
COZEN O'CONNOR
rkresge@cozen.com

Robert J. LaRocca
KOHN, SWIFT & GRAF, P.C.
rlarocca@kohnswift.com

Robert D. MacGill
BARNES & THORNBURG LLP
rmacgill@btlaw.com

James T. Malysiak
JENNER & BLOCK LLP
jmalysiak@jenner.com

Mark J. R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com

Debra H. Miller
MILLER & FISHER LLC
miller@millerfisher.com

Anthony J. Morrone
COZEN O'CONNOR
amorrone@cozen.com

Andrew J. Rolfes
COZEN O'CONNOR
arolfes@cozen.com

T. J. Smith
tjsmith@600westmain.com

Douglas R. Sprong
KOREIN TILLERY LLC
dsprong@koreintillery.com

JERRY L. OLLIFF
3800 McPhillips Road SE
Elizabeth, IN 47117

I