UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

GARY WILLIAMS, Individually and on )
behalf of all others similarly situated, )
      Plaintiffs, )
       )
  vs. )   4:04-CV-0078-SEB-WGH
       )
ROHM AND HAAS PENSION PLAN, )
      Defendant. )

**ENTRY AWARDING ATTORNEY FEES**

This matter is before the Court on the Plaintiff's Petition For Attorney Fees, Costs and Incentive Award filed on behalf of the attorneys representing the class. In resolving the attorneys fees issues, we have previously discussed in detail the challenging "*ex ante*" approach which the Seventh Circuit requires a district court to undertake in determining the appropriateness of an attorney fee request in a successful class action such as the one before us.[1] Such a *post-facto* determination of the theoretical results of hypothetical negotiations between counsel and a sophisticated legal services consumer as of the time the representation began, despite its difficulties, remains the preferred method in this Circuit for awarding a market-based fee. Earlier in this case with regard to the fee petition process, class counsel insisted that "lodestar" information (i.e. the hours worked by and hourly rates of legal professionals performing work on

---

[1] See the Court's orders of April 21, 2010 and June 1, 2010.

the case) had no relevance to an *ex ante* determination of a market-based fee award, when the preferred basis for such an award in a common-fund case is a percentage of the fund and class counsel accepts cases only on a contingency basis.  Overruling their relevancy objection, we required class counsel to provide estimated summaries of hours worked and the hourly rates which they claim are appropriate for those professionals who worked on the matter within Plaintiff's counsel's firm.

Those summaries submitted by class counsel were helpful to our analysis in providing a clearer understanding of the amount of time spent to date by class counsel in bringing this lawsuit to resolution in the trial court and as this matter proceeds on appeal.  Even more enlightening was the sworn declaration of Paul Slater which class counsel submitted along with its summaries.  Mr. Slater, obviously a very experienced litigator of complex cases, asserts that the absence of any reliable data from which to accurately estimate the amount of time and effort required to prosecute this action or the likelihood and scope of success leaves qualified competent counsel with no alternative other than to negotiate a contingency fee arrangement.  He further opines that in his experience and judgment no competent counsel would negotiate a fee of anything less than 30% of the recovery for this type of work.  In fact, the actual agreement between Mr. Williams and class counsel provided for a contingency fee of 33 1/3%.  Mr. Slater's affidavit complements the affidavits of the

attorneys which class counsel previously submitted in support of the petition for fees.

Clearly, in this case a substantial risk existed that class counsel's efforts might go unrewarded. The eventual class size and common fund could not have been accurately predicted. In addition, we have commented on numerous occasions regarding the unexpected twists and turns which have characterized the course of this litigation. We recognize that this lawsuit has been highly complex involving difficult and sometimes novel factual and legal issues, requiring superior skills and an extraordinary level of attention by counsel well versed in practicing in this specialty area.

In attempting to determine the percentage fee that would have been negotiated by Plaintiff and Plaintiff's counsel at the inception of this litigation, the Seventh Circuit instructs that the trial judge consider several factors, including: (a) the contracts entered into by the parties and class counsel in similar cases; (b) information from other cases; and, (c) any applicable lead counsel auctions. *Taubenfeld v. AON Corp.,* 415 F.3d 597, 599 (7th Cir. 2005). No evidence of lead counsel auctions in any comparable cases have been proffered. While counsel for certain of the objectors to the settlement discussed various bits of anecdotal information regarding litigation where hourly and contingency fee rates were awarded that were lower than the percentage sought here and the hourly rates assigned by Plaintiff's counsel in

their summaries, there is no question that the affidavits and information provided by class counsel with respect to other contingency fee agreements and awards were from cases more closely comparable to this one in terms of complexity. In short, the factors identified by the Seventh Circuit in structuring the determination of the appropriate fee percentage support Class counsel's requested fee.

Plaintiff's counsel have also requested our approval of an incentive award in the amount of $5,000 for Class Representative, Gary Williams, to be deducted from the fees and costs awarded by the Court. Because a named plaintiff plays a significant role in a class action, an incentive award is appropriate as a means of inducing that individual to participate in the expanded litigation on behalf of himself and others. *See In re Continental Illinois Securities Litigation*, 962 F.2d 566, 571 (7th Cir. 1992). "In deciding whether such an award is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998). Mr. Williams spearheaded this lawsuit and helped bring it to a successful conclusion by which Class members received an estimated $180 million in additional pension benefits. In view of his efforts and the benefits they afforded to the Class, the Court authorizes payment of the

requested $5,000 incentive award to Mr. Williams.

In conclusion, the objections to class counsel's attorneys' fees request are OVERRULED. Class counsel's fee and cost reimbursement petition is GRANTED. The Plan therefore shall pay to class counsel for attorneys' fees the amount of $43,500,000 in accordance with the terms in the parties' settlement agreement. The $5,000 incentive award payable to the named Plaintiff and class representative, Gary Williams, is GRANTED and shall be deducted from the aforementioned fee and cost award.

IT IS SO ORDERED.

Date: 11/12/2010

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Alice W. Ballard
LAW OFFICE OF ALICE W. BALLARD, PC
awballard@awballard.com

William K. Carr
LAW OFFICE OF WILLIAM K. CARR
bill@pension-law.com

James R. Fisher
MILLER & FISHER LLC
fisher@millerfisher.com

Lee A. Freeman Jr.
JENNER & BLOCK
lfreeman@jenner.com

Michael D. Grabhorn
GRABHORN LAW OFFICE
mdg@grabhornlaw.com

Bart A. Karwath
BARNES & THORNBURG LLP
bart.karwath@btlaw.com

Steven A. Katz
KOREIN TILLERY LLC
skatz@koreintillery.com

Raymond A. Kresge
COZEN O'CONNOR
rkresge@cozen.com

Robert J. LaRocca
KOHN, SWIFT & GRAF, P.C.
rlarocca@kohnswift.com

Robert D. MacGill
BARNES & THORNBURG LLP
rmacgill@btlaw.com

James T. Malysiak
JENNER & BLOCK LLP
jmalysiak@jenner.com

Mark J. R. Merkle
KRIEG DEVAULT LLP
mmerkle@kdlegal.com

Debra H. Miller
MILLER & FISHER LLC
miller@millerfisher.com

Anthony J. Morrone
COZEN O'CONNOR
amorrone@cozen.com

Andrew J. Rolfes
COZEN O'CONNOR
arolfes@cozen.com

T. J. Smith
tjsmith@600westmain.com

Douglas R. Sprong
KOREIN TILLERY LLC
dsprong@koreintillery.com

JERRY L. OLLIFF
3800 McPhillips Road SE
Elizabeth, IN 47117

I